**ERIC D. RIDLEY   [SBN 273702]**
**Law Offices of Eric Ridley**
567 W. Channel Islands Blvd., Ste. 210
Port Hueneme, CA 93041
805-244-5291 voice
888-953-3884 fax
ridley.eric@gmail.com

Attorney for Plaintiff
Brian Donahoe

# United States District Court
## Central District of California

| | |
|---|---|
| BRIAN DONAHOE;<br><br>                              Plaintiff,<br><br>    v.<br><br>HARVARD COLLECTION SERVICES INC, AN ILLINOIS CORPORATION; and HARVARD COLLECTION SERVICES, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY; DOES 1-10;<br><br>                              Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Unlawful Collection Practices (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq))<br><br>2. Unlawful Collection Practices (California Rosenthal Fair Debt Collection Practices Act: Cal. Civ. Code §§1788 et seq)<br><br>3. Fair Credit Reporting Act (15 U.S.C. §1681 et seq)<br><br>4. Defamation<br><br>Judge:<br>Department:<br>Trial Date: |

Plaintiff, BRIAN DONAHOE, alleges as follows:

## INTRODUCTION

1. The violations giving rise to this complaint arise from Defendant HARVARD COLLECTION SERVICES INC, AN ILLINOIS CORPORATION; and HARVARD COLLECTION SERVICES, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY.

1. Collectively,("HARVARD") and DOES 1-10's (Collectively "DEFENDANTS") failure to investigate credit reporting errors, and subsequent and ongoing efforts to collect a non-existent debt.

2. The Federal and California legislatures have determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislatures have further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights, and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. BRIAN DONAHOE (hereinafter "Plaintiff"), brings this action to challenge the actions of Defendants with regard to attempts by Defendants, a debt collector and a furnisher of credit information, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1367 & the California Consumer Credit Reporting Agencies Act (CC §§1785.1–1785.36) for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, U.S.C. 15 § 1692, et seq, ("FDCPA"), Rosenthal Fair Debt Collection Practices Act, and the California Civil Code §§ 1788-1788.32 (RFDCPA), Fair Credit

Reporting Act, 15 U.S.C. §1681(p) (FCRA), & the California Consumer Credit Reporting Agencies Act (CC §§1785.1–1785.36).

7. The FDCPA was created because,

   *"There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."* 15 U.S.C. § 1692.

8. The purpose of the FDCPA is,

   *"to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."* 15 U.S.C. § 1692.

9. The RFDCPA was enacted by the California Legislature, *"to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts."* Cal. Civ. Code § 1788.1(b)

10. Penalties provided for under RFDCPA *"are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."* Cal. Civ. Code § 1788.32

11. RFDCPA, at § 1788.17, holds that a violation of the FDCPA is also a violation of the RFDCPA.

12. RFDCPA, at 1788.17, holds that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

13. Defendants violated § 1788.17 of the RFDCPA by repeatedly failing to comply with the

statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

14. The FCRA was enacted by Congress because, "*There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy* (15 U.S.C. §1681(a)(4))."

15. Defendants, and each of them, violated 15 U.S.C. §1681(s)(2) by failing to furnish accurate information to credit reporting agencies, by (without limitation) reporting information with actual knowledge of errors, by reporting information after notice and confirmation of errors, by failing to correct and update information, and by failing to provide notice of dispute.

16. Because Defendants, and each of them, conduct business within the State of California, and because Plaintiff's claims arise from acts of the Defendants perpetrated therein, personal jurisdiction is established.

17. Venue is proper pursuant to 28 U.S.C. § 1391, and because Defendants, and each of them, conduct business within the State of California, and because Plaintiff's claims arise from acts of the Defendants perpetrated therein.

## PRELIMINARY STATEMENT

18. Plaintiff is a natural person and is a resident and citizen of Los Angeles County, the State of California and of the United States. Plaintiff is a "consumer" as defined by sections 1681a(c) of the FCRA, is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and 15 U.S.C. §1692(a)(3).

20. Plaintiff is informed and believes, and thereon alleges, that Defendants HARVARD

COLLECTION SERVICES INC, AN ILLINOIS CORPORATION; and HARVARD COLLECTION SERVICES, LLC are each a company operating in Illinois, each of which is NOT registered with the California Secretary of State as a foreign corporation, yet each is operating under and subject to the jurisdiction of the State of California.

21. A foreign corporation who is either not registered with the Secretary of State, or which has failed to keep their registration current, has forfeited its right to transact business in California, including the right to defend this action. *Alhambra-Shumway Mines v. Alhambra Gold Mine Corp.*, 155 Cal.App.2d 46 (Cal. Ct. App. 1957), *Mediterranean Exports, Inc. v. Superior Court,* 119 Cal.App.3d 605 (Cal. Ct. App. 1981), *Cadle Co. v. World Wide, Inc.,* 144 Cal.App.4th 504 (Cal. Ct. App. 2006), i 23 Cal.App. 211 (Cal. Ct. App. 1913)

22. Plaintiff is informed and believes, and thereon alleges, that Defendants HARVARD COLLECTION SERVICES INC, AN ILLINOIS CORPORATION; and HARVARD COLLECTION SERVICES, LLC regularly conduct business in California and are therefore subject to jurisdiction under Cal. Civ. Code §410.0 et seq.

23. Plaintiff is informed and believes, and thereon allege, that Defendants, and each of them, are entities who use an instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

24. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, are not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

25. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

each of the Defendants was the agent, servant, and/or employee of each of the other Defendants and was at all times herein mentioned acting within the scope of said agency and/or employment.

26. Plaintiff Is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and /or insurers.

27. The true names and capacities of the defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

28. This litigation involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

29. Defendants, and each of them, are furnishers of information as contemplated by FCRA §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

30. On or about July 27, 2020, Mr. Donahoe reviewed his credit report on the credit reporting sites Credit Karma, and Identity IQ.

31. On each report, the Mr. Donahoe observed a negative tradeline placed there by Defendants.

32. Defendants published the negative tradeline in the amount of $32, allegedly owed to Consolidated Edison Company by Plaintiff.

33. On or about August 14, 2020, Plaintiff dispute this tradeline via telephone with Defendants.

34. On or about December 4, 2020 Plaintiff re-checked his credit reports. Defendants had failed to notate on Plaintiff's credit report that the debt was disputed, as required.

35. Defendants' publishing of this inaccurate and incomplete information has damaged the personal and credit reputation of Mr. Donahoe and caused humiliation, and emotional distress and mental anguish.

36. Plaintiff then made numerous attempts to validate the alleged debt with each of the Credit Reporting Agencies.

37. In spite of Plaintiff's multiple good-faith attempts to validate this fraudulent debt and to inform Defendants of the fraud, Defendants refused to correct Plaintiff's tradelines.

38. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendants.

39. Defendants, and each of them, have willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b); defamed plaintiff by publishing to third parties information regarding Plaintiff's creditworthiness; invaded the privacy of plaintiff; committed unfair and deceptive acts against plaintiff in the course if its business in violation of the Unfair and Deceptive Practices Act, CCP §17200 et seq; and failed its duty to prevent foreseeable injury to plaintiff.

DONAHOE v. HARVARD COLLECTIONS, et al
COMPLAINT FOR DAMAGES
Page 7 of 14

40. Defendants, and each of them, have defamed Plaintiff.

41. Defendants, and each of them, have published false and defamatory information about Plaintiff to third parties.

42. As a result of the derogatory information reported by Defendants, and each of them, Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and was denied credit, or was charged higher rates for credit transactions. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA), 15 U.S.C. § 1692(e)(8) ET SEQ.
AGAINST ALL DEFENDANTS

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendants, and each of them, violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Mr. Donahoe.

45. Defendants' fraudulent, abusive and deceptive reporting of an invalid debt was, and is, in violation of 15 U.S.C. §1692 (e)(8), and/or other sections and/or subsections of FDCPA.

46. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff has suffered financial, psychological and emotional damage and distress, in an amount subject to proof at trial.

48. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA) AGAINST ALL DEFENDANTS

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

51. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

52. Rosenthal FDCPA remedies are not exclusive, but "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." (Cal. Civ. Code § 1788.32.)

**COUNT III**
VIOLATION OF THE CALIFORNIA
BUSINESS & PROFESSIONS CODE §§ 17200 et seq.
AGAINST ALL DEFENDANTS

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the UCL and these violations constitute unfair business practices and offend public policy and are substantially injurious to Plaintiff and other consumers.

55. The foregoing acts and omissions of Defendant have no utility that outweighs their substantial harm.

56. The foregoing acts and omissions of Defendant present a continuing threat to members of the general public in that Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

57. Pursuant to the California Business and Professions Code §§ 17203, Plaintiff seeks an order enjoining Defendant from engaging in such acts and practices as hereinabove alleged, and ordering that Defendant disgorge all ill-gotten gains and provide appropriate restitution to Plaintiff and members of the general public.

58. Plaintiff seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to the California Code of Civil Procedure § 1021.1.

# COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681 et seq
## AGAINST ALL DEFENDANTS

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. All of the violations of Defendants, and all of them, were willful.

61. In the alternative, all of the violations of Defendants, and all of them, were the result of negligence on the part of Defendants, who owed a duty of care to Plaintiff.

62. In the entire course of its action, Defendants, and each of them, willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing, in the furnishing of the consumer information concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports; by willfully and/or negligently failing to comport with FCRA section 1681s-2; defaming plaintiff by publishing to third parties false information regarding his creditworthiness; invading the privacy of plaintiff; and by failing in its duty to prevent foreseeable injury to plaintiff.

63. Once a consumer notifies a furnisher that specific information is inaccurate, the furnisher cannot provide that information to a CRA if the information is, in fact, inaccurate. Even if it's accurate, the furnisher still may not report that information to a CRA unless the furnisher also notifies the CRA that the consumer has disputed the information (15 U.S.C. §1681s-2(a)(3)).

# COUNT V
## DEFAMATION
## AGAINST ALL DEFENDANTS

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Defendants published unprivileged false statements of fact about Plaintiff, which had and have a natural tendency to cause injury, and which did, in fact, cause injury to Plaintiff.

66. Defendants owed Plaintiff a duty of reasonable care.

67. Defendant's conduct in publishing these false statements was negligent.

68. Defendant's conduct was outrageous.

69. Plaintiff is not a public figure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### **FAIR DEBT COLLECTION PRACTICES ACT**

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendants;
2. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692(k), from Defendants;
3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants;
4. That all awards be joint and several; and
5. Any and all further relief as the Court may deem just and proper.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

1. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;
2. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. 1692(k), from Defendants;
3. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants;
4. That all awards be joint and several; and
5. Any other and further relief as the Court may deem just and proper.

## CALIFORNIA BUSINESS & PROFESSIONS CODE

1. An award of actual damages from Defendants;
2. Injunctive relief, restitution, and/or disgorgement of ill-gotten gains;
3. Pre-judgment interest to the extent permitted by law;
4. That all awards be joint and several
5. An award of costs of litigation and reasonable attorney's fees, pursuant to California Code of Civil Procedure § 1021.1, from Defendants; and
6. Any other and further relief as the Court may deem just and proper.

## FAIR CREDIT REPORTING ACT

1. An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), from Defendants;
2. Punitive damages, pursuant to 15 U.S.C. § 1681(n)(a)(2), from Defendants, in an amount to be adduced at trial;
3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3), from Defendants;
4. That all awards be joint and several; and

5. Any other and further relief as the Court may deem just and proper.

## DEFAMATION

1. An award of general damages, in an amount to be proven at trial, but in excess of $75,000, from Defendants;
2. An award of special damages, in an amount to be proven at trial, but in excess of $75,000, from Defendants;
3. Punitive damages, from Defendants;
4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3), from Defendants;
5. That all awards be joint and several; and
6. Any other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 29, 2021              THE LAW OFFICES OF ERIC RIDLEY

_____
**Eric Ridley**
Attorney for Plaintiff,
Brian Donahoe